IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

    Plaintiff,                   No. CIV S-06-2867 LKK KJM P

    vs.

T.C. SHOCKLEY, et al.,            ORDER AND

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Pursuant to this court's May 8, 2007 order, this action is proceeding against defendants Kosher and Shockley for alleged Eighth Amendment violations. Kosher and Shockley now move to dismiss asserting that plaintiff failed to exhaust administrative remedies with respect to his claims prior to filing suit.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

1

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed; exhaustion during the pendency of the litigation will not save an action from dismissal. See, e.g., McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

Defendants do not assert that plaintiff failed to exhaust administrative remedies at all; rather, they argue that plaintiff failed to exhaust administrative remedies before filing this action. Def'ts' Mem. P. & A. In Supp. Mot. To Dismiss at 4:23-5:16. This action was commenced by plaintiff on November 1, 2006, when he filed it in the Superior Court of Solano County. Defendants removed the case to this court on December 19, 2006. The parties agree that administrative remedies were exhausted after plaintiff filed his action in the Superior Court of Solano County, but before the case was removed.[1]

Plaintiff argues that he did exhaust administrative remedies for purposes of 42 U.S.C. § 1997e(a) because administrative remedies were exhausted prior to the case being removed to this court. However, defendants are correct that nothing in 42 U.S.C. § 1997e(a)

/////

---

[1] At one point, plaintiff seems to suggest that he exhausted administrative remedies by obtaining a decision with respect to something called an "ADA Reasonable Modification or Accommodation Request." However, plaintiff acknowledges that he later used the grievance process to appeal the decision and that the entire process was not complete until November 17, 2006. Opp'n at 2.

indicates that it applies only to claims brought in a federal court. Section 1997e(a) reads:

> No action shall be brought with respect to prison conditions under section 1983. . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under the plain language of the statute, the exhaustion requirement applies to all claims, including plaintiff's Eighth Amendment claims, which rest on federal law. Moreover, the operative date before which exhaustion must have occurred is the date on which claims initially are submitted to a court, not the date on which a complaint is accepted for filing if it is later than the date of submission. Id.; Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (so construing the "shall be brought" language of § 1997e(a)). For these reasons, defendants' motion to dismiss should be granted.

The court notes that plaintiff has filed a motion for summary judgment and a motion requesting an extension of time to conduct discovery. In light of the foregoing, the court will deny the request for an extension of time to conduct discovery and recommend that plaintiff's motion for summary judgment be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's November 30, 2007 request that the court extend the discovery deadline is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 25, 2007 "demand for summary judgment" be denied;

2. Defendants' August 21, 2007 motion to dismiss be granted; and

3. This case be dismissed for plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 28, 2008.

_____
U.S. MAGISTRATE JUDGE

clai2867.57